UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS FLORES, *et al.*,

           Plaintiff,

v.

FCA US LLC,

           Defendant.
_____/

Case No.: 19-10417
Hon. Gershwin A. Drain

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT [#19]**

### I. INTRODUCTION

Presently before the Court is the Defendant FCA US LLC's Motion to Dismiss Amended Class Action Complaint, filed on November 27, 2019. Plaintiffs filed their Response in Opposition and Defendant filed a Reply. In the Reply brief, Defendant indicated that before this case was filed, it had been investigating the possibility of a defect with the engine cooling fans at issue herein and notified all of its customers that such a defect may exist and offered to either replace the cooling fans free of charge or provide full reimbursement to those customers who had already paid for repairs. After a hearing on this matter, the Court ordered the parties to submit supplemental briefing on the issue of prudential

mootness. Thereafter, the case was reassigned to the undersigned. *See* ECF No. 24.

Defendant filed its supplemental brief concerning mootness on November 27, 2019, and Plaintiffs filed their supplemental brief in opposition on February 12, 2020. Defendant filed a Reply in support of its Motion to Dismiss on February 25, 2020. For the reasons that follow, the Court will grant Defendant's Motion to Dismiss Amended Class Action Complaint.

## II. FACTUAL BACKGROUND

Plaintiffs are three individuals from different states who, at varying times between 2015 through 2016, purchased a new Jeep Renegade. Plaintiffs allege that each vehicle contains a defective radiator cooling fan that is at risk of overheating, causing incidents of smoking and fire in the engine. Plaintiffs assert that the radiator cooling fans in all model year 2015-2017 Jeep Renegade and Ram ProMaster City vehicles have an "internal mechanism prone to premature failure, which prevents the engine from properly cooling." ECF No. 17, PageID.392.

Plaintiffs Marcus Flores, Adam Yates, and Edward Garcia allege they experienced wobbling and an irregular noise. Specifically, Plaintiff Flores became aware his fan was failing at about 39,000 miles, when it began to wobble and make irregular noises, then smoke emanated from the engine of his vehicle. *Id.* at PageID.397. Plaintiff Flores' dealership informed him there were no replacement

parts available and the replacement was not covered by warranty, so he found one online for $214.50 from a different manufacturer, rather than wait and pay the $500.00 the dealership quoted. *Id.* at PageID.398.

Plaintiff Yates' vehicle began to manifest the defect, wobbling and an irregular noise, at 40,100 miles. *Id.* at PageID.400. Plaintiff's daughter, who regularly drove the vehicle, realized the next day that the fan was failing when the vehicle began to overheat and the check engine light illuminated. *Id.* When Plaintiff Yates brought his vehicle to the dealership, he was informed that the fan was not covered by warranty, so he paid $634.95 to replace the fan as it was necessary to operate the vehicle. *Id.*

Plaintiff Garcia's vehicle had approximately 43,000 miles when the fan's defect began to manifest. *Id.* at PageID.401. His fan also demonstrated the wobbling and irregular noise. *Id.* Plaintiff Garcia's dealership told him the fan was on national backorder for three months, that the part was not known to be defective, and would not be covered under warranty. *Id.* at PageID.401. He needed his vehicle for work and other regular use, so he searched for and replaced the defective fan himself for $125.00, rather than wait for the part to come into the dealership. *Id.* at PageID.402.

Plaintiffs further allege that Defendant knew of the defect and failed to take action, resulting in substantial backorders. *Id.* at PageID.409. Plaintiffs contend

that Defendant "failed to adequately research, design, test and/or manufacture the cooling fan systems in the Class Vehicles." *Id.* at PageID.414. They further assert that if Defendant had done the proper testing, they would, or should have known, of the defect. *Id.* at PageID.416.

Plaintiffs also allege that the replacement fan should have been covered under Defendant's "Basic Limited Warranty," but it refused to replace Plaintiffs' fans under the warranty and quoted each replacement between $500.00 and $635.00. *Id.* Plaintiffs and class members then paid to replace the defective fans out of pocket. *Id.* at PageID.417. Defendant is also required to monitor defects and report them within five (5) days to the National Highway Traffic Safety Administration (NHTSA), and Defendant monitors complaints about their vehicles reported to the NHTSA, so Defendant should have known about the complaints coming in regarding the defective fan. *Id.* Plaintiffs seek certification of this action as a class action. They also request restitution, damages, and appropriate injunctive, declaratory, and equitable relief.

Defendant began a customer service campaign, Customer Satisfaction Notification V54 ("CSN V54"), and contacted all owners of model-year 2015-2017 Jeep Renegade and Ram ProMaster City vehicles as of July 5, 2019. ECF No. 29, PageID.852. This campaign offers Class Vehicle owners a free "engine cooling fan

4

replacement or reimbursement if that repair was already performed." *Id.* The free repairs are the same repairs that Plaintiffs are seeking herein. *Id.* at PageID.853.

Defendant seeks to dismiss the Amended Class Action Complaint for mootness.

### III. LAW & ANALYSIS

#### A. Motion to Dismiss Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual

allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

## B. Mootness Standard of Review

There are two branches to the doctrine of mootness: the first comes from Article III jurisdictional limits, and the second from discretionary or prudential concerns. *United States v. Street*, 933 F.2d 1010 (Table), 1991 WL 85255, *2 (6th Cir. 1991). The former, Constitutional mootness, "is determined by examining whether an actual controversy between the parties exists in light of intervening circumstances. *Id.* A case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted). The issue must be live at all stages of review, not just at the time the complaint was filed. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013).

A prudentially moot case occurs when the case reaches a "point where prolonging the litigation any longer would itself be inequitable." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012). This generally occurs when "events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits." *Id.* Dismissing a case for prudential mootness is at the court's discretion. *Chamber of Commerce v. United States Dept. of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980).

### C. Defendant's Motion to Dismiss for Mootness

Defendant argues that its Customer Satisfaction Notification V54 ("CSN V54") has rendered Plaintiffs' complaint moot. ECF No. 29, PageID.851. The complaint alleges FCA knew of the defective radiator cooling fan, but failed to correct the issue under the warranty when Class Members presented their vehicles to FCA dealerships. ECF No. 17. Plaintiffs maintain that this does not render the case moot because they are still seeking monetary damages due to the Defendant's failure to correct the defective product, thus prudential mootness does not apply. ECF No. 31, PageID.908. Plaintiffs further assert that even with CSN V54 in effect, there is cognizable danger that Defendant may not provide the relief. *Id.* Plaintiffs rely on out-of-circuit cases to support their position. *See McCabe v. Daimler Ag*, No. 12-2494, 2015 WL 11199196 (N.D. Ga. Aug. 19, 2015); *Philips v. Ford Motor Co.*, No. 14-cv-02989, 2016 WL 693283 (N.D. Cal. Feb. 22, 2016).

In *Philips*, the court held that when plaintiffs seek monetary damages in addition to injunctive and declaratory relief, prudential mootness does not apply. *Philips v. Ford Motor Co.*, No. 14-cv-02989, 2016 WL 693283, at *7 (N.D. Cal. Feb. 22, 2016). However, Defendant repeatedly emphasizes that Plaintiffs have no claim for monetary damages. ECF No. 32, PageID.918. Defendant relies on the Sixth Circuit decision, *Hadley v. Chrysler Grp., LLC*, to illustrate why Plaintiffs' damages in the present case require a finding of mootness and dismissal of the case

8

entirely. ECF No. 32, PageID.919; *Hadley v. Chrysler Grp., LLC*, 624 Fed.Appx. 374 (6th Cir. 2015). In *Hadley*, the court held that "plaintiffs must allege they suffered an actual or imminent injury, not a conjectural or hypothetical one." *Id.* at 380.

Analogous to the present matter, the plaintiffs in *Hadley* sought damages, along with declaratory and injunctive relief after New Chrysler recalled the airbags for a safety defect. *Id.* at 375. The court found that because defendant acknowledged the defect prior to the lawsuit, "promised to repair the defect for free as quickly as possible, and did in fact repair the plaintiffs' vehicle," there was no evidence that plaintiffs had suffered an actual injury, so the complaint was dismissed for mootness. *Id.*

In the present case, Plaintiffs argue that *Hadley* stemmed from claims based on the "alleged delay in repairing the vehicle – not the actual existence of the defect." ECF No. 31, PageID.906. However, even though the present matter is about the defect itself, not the delay in repair, both the plaintiffs in *Hadley* and Plaintiffs here argue that they were injured by the diminished value of their vehicle. The *Hadley* court's acknowledgement that the repair "removed the defect upon which the plaintiffs' diminished-value injury claim is based," is parallel to the repairs made in the present matter through the CSN V54 initiative. *Hadley,* 624 Fed.Appx. at 378. Therefore, consistent with district court authority from this

9

Circuit, Plaintiffs in the present matter have sustained no actual injury that can be redressed, as repairs have been made to the class vehicles for free. *See Camalo v. Xerox Corp.*, 2017 WL 10795025, *4 (E.D. Mich. 2017) (quoting *Van Burn Charter Twp. v. Visteon Corp.*, 319 Mich.App. 538 (2017) (holding that it is not sufficient for a plaintiff to allege damage without supporting facts)).

It follows that Plaintiffs likewise have no claim for punitive damages. As found in *Palmer Park Square, LLC v. Scottsdale Insurance Co.*, plaintiffs cannot seek punitive damages without demonstrating they are entitled to damages for actual injury. *Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530, 537 (6th Cir. 2017).

Here, Defendant has established that Plaintiffs have no claim for actual damages, therefore prudential mootness applies. To establish prudential mootness, events must "so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits," and there may be no claim for monetary damages. *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012). Plaintiffs claim that *Winzler* is inapplicable because Toyota announced a national recall under the National Traffic and Motor Vehicle Safety Act, so they were statutorily mandated to notify vehicle owners and repair or replace faulty parts for free. *Id.* at 1209. Plaintiffs assert that because Defendant is not under statutory obligation, there is no risk of "inter-

10

branch confusion," and the government is unable to "step in to promise the relief" plaintiffs seek, as would be if Defendant had recalled under a specific statute, like in *Winzler*. ECF No. 31, PageID.905; *Winzler*, 681 F.3d at 1210. However, Defendant has not failed to make repairs, regardless of not being under statutory obligation. ECF No. 32, PageID.920. Through CSN V54, Defendant has repaired all Class Vehicles presented to it. Defendant has reimbursed all Class Members who presented valid receipts for repairs concerning the defect. ECF No. 32, PageID.921.

Plaintiff contends that there is a "cognizable danger" Defendant may not provide relief. ECF No. 31, PageID.908. Plaintiff relies on *Winzler* again to demonstrate that a "cognizable danger of failure is a 'relatively modest hurdle' that requires the plaintiff to 'identify something more than the mere possibility of failure.'" ECF No. 31, PageID.908; *Winzler*, 681 F.3d at 1212. However, there is no substantial reason for Plaintiffs to fear that Defendant will fail to continue providing relief. Defendant has only denied repairs or reimbursement to people who have not presented their vehicles, or people who requested reimbursement without evidence they paid for the repair. ECF No.32, PageID.921. Plaintiffs also rely on an out-of-circuit decision, *Philips v. Ford Motor Company*, to support their argument that because some Class Members were originally denied free repair of the defect, that means Defendant will continue to deny free repair to Class

11

Members. *Id.* at PageID.909; *Philips v. Ford Motor Co.*, No. 14-cv-02989, 2016 WL 693283 (N.D. Cal. Feb. 22, 2016).

In *Philips*, the court denied defendant's motion to dismiss for mootness because there was a "cognizable danger that the recall process may fail to provide the relief promised." *Philips*, 2016 WL 693283, at *11. However, Defendant has only denied reimbursement to Class Members who failed to verify they personally paid for repair or replacement of the defective fan. ECF No. 32, PageID.921. Defendant is unable to reimburse what cannot be verified, and cannot replace cooling fans in vehicles which have not been presented to a dealership. *Id.* at PageID.920. This Circuit has previously held that a vague assertion that a repair campaign may not work cannot prevent dismissal. *Hadley*, 624 Fed.Appx. at 380.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant FCA US LLC's Motion to Dismiss Class Action Complaint [ECF No. 19] is GRANTED.

SO ORDERED.

Dated: November 30, 2020 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager